COURT
OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 16  A 7: 31

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action    FILED |
| v.  ) | No. 89-30028-REK   CLERK'S OFFICE |
| ) | |
| JOHN L. ECKER, ) | |
| Defendant, ) | |
| ) | |

### MOTION OF THE UNITED STATES OF AMERICA, PURSUANT TO 18 U.S.C. § 4241, FOR FURTHER PSYCHIATRIC EVALUATION AND HEARING TO DETERMINE THE DEFENDANT'S MENTAL COMPETENCY

Now comes the United States of America, in the above-captioned cause, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and requests the Court to order a further psychiatric evaluation of the defendant and then to hold a hearing to determine the competency of the defendant to stand trial pursuant to 18 U.S.C. § 4241, for the following reasons:

1. On March 9, 2004, the A.F. Beeler, the Warden of the Federal Medical Center at Butner, North Carolina, issued a Certificate of Restoration of Competency to Stand Trial with regard to the defendant, John L. Ecker. In that Certificate, Warden Beeler advised the Court that, "is able to understand the nature and consequences of the proceedings against him and to assist in his own defense." (Copy Attached as Exhibit "A")

2. This Certification was based upon the Annual Update Report issued by the Mental Health Department at the Federal Medical Center ("FMC") Butner on February 17,

2004. The evaluation was headed by Robert G. Lucking, M.D., Staff Psychiatrist, who personally evaluated Mr. Ecker.

3. After receiving the Certification of Warden Beeler, the Court held a status conference on March 31, 2004. At the conference, the Government requested that a Competency hearing be held. Counsel for the defense asserted that the defendant was competent and ready for trial. The Court set dates for a detention hearing, conference and trial. Those dates have been continued. The detention hearing and conference is presently set for June 21, 2004 and the trial is set for June 28, 2004.

4. On May 17, 2004, the defendant sent a letter to the Court with copies of other documents attached as exhibits to the letter. These documents indicate that the defendant intends to assert as a defense that he was authorized to carry the firearm he is charged with possessing in violation of the law because he was authorized by, the Central Intelligence Agency ("CIA") to do so. The defendant also asked that Attorney Owen Walker be removed as his attorney and new counsel be appointed. These documents were then provided to Dr. Lucking at FMC Butner.

5. Dr. Lucking has advised that in addition to the letter to the Court, the defendant attempted to contact a staff member at FMC Devens through an attorney he retained in Maryland. The person whom he attempted to contact was a female staff at FMC Devens as to whom Ecker had a delusional erotomanic attachment. That attachment resulted in the defendant's transfer to FMC Butner. The letter from the attorney was forwarded to Dr. Lucking.

6. According to Dr. Lucking, these two incidents taken together indicate that despite

active and consistent treatment, the defendant has compensated for his illness to the extent that he is aware of others reactions to, and perceptions of, his delusional beliefs and is able to conceal them. In addition, the defendant is aware of those he needs to conceal these delusional beliefs from in order to obtain the outcome he desires.

7. According to Dr. Lucking, the letter to the Court clearly indicates that the defendant continues to base his judgments, perceptions and decisions on the above described delusional beliefs. Therefore, Dr. Lucking is preparing an Addendum to the Annual Psychiatric Evaluation expressing his present view that the defendant's current competency to stand trial is in dispute. Dr. Lucking is requesting that another competency evaluation be performed. The Addendum was expected to be available on Monday, June 14, 2004, but has not yet been received by the United States. A copy will be provided to the Court as soon as it is received by the United States, if not already provided to the Court directly by the personnel at FMC Butner.

8. For the foregoing reasons, the United States requests that the Court order a re-evaluation of the defendant's present competency to stand trial be conducted pursuant to 18 U.S.C. § 4241(b) by the personnel at FMC Butner. According to the statute this process will take from 30-45 days. Thereafter, the United States requests that this Court hold a hearing, pursuant to 18 U.S.C. § 4241(a) to determine whether the defendant is presently competent to stand trial.

Wherefore, the United States of America, respectfully requests the Court to order a re-evaluation of the defendant, pursuant to 18 U.S.C. § 4241(b), and thereafter, hold a hearing,

pursuant to 18 U.S.C. § 4241(a), to determine whether the defendant is presently competent to stand trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
MARY ELIZABETH CARMODY
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3290

### CERTIFICATION PURSUANT TO L.R. 7.1 (A)(3)

I hereby certify that on several occasions, including June 3, 2004, I conferred with the attorney of record for the defendant in person and by telephone and attempted in good faith to resolve the issues presented in this motion. The parties were unable to agree.

*[signature]*
MARY ELIZABETH CARMODY

### CERTIFICATE OF SERVICE

I hereby certify that on a true copy of the above document was served upon the attorney of record for each other party by hand on June 15, 2004.

*[signature]*
MARY ELIZABETH CARMODY

4