UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA,          )
                                   )     Criminal Action
v.                                 )     No. 89-30028-REK
                                   )
JOHN L. ECKER,                     )
                                   )
          Defendant,               )
_____)

## GOVERNMENT'S STATUS REPORT

Now comes the United States of America, in the above-captioned cause, by and
through its attorney, Michael J. Sullivan, United States Attorney for the District of
Massachusetts, and files this Status Report to the Court regarding the pending matters in this
case that need to be addressed at the status conference on June 8, 2005:

1.   **Status of Counsel:** By letter dated May 18, 2005, the defendant has again requested
     that counsel representing him be removed from the case. This is only the most recent
     of several such requests by the defendant. The present request is pending by virtue of
     the defendant's letter to the Court and the defendant's letter to the government, a copy
     of which is attached as Exhibit "A."

     a.   On April 26, 2004, Attorney Owen Walker who then represented the defendant
          filed a Motion For Hearing on the Status of Counsel. Thereafter during 2004,
          several ex-parte hearings were held between the Court, defense counsel and the
          defendant concerning the status of counsel.

     b.   In November of 2004, new counsel was appointed to represent the defendant,

Attorney Robert M. Braceras of the law firm of Goodwin Proctor.

c.     The Court must determine the status of present counsel.

2.   **Status of Defendant:** The defendant remains committed to the custody of the Attorney

General pursuant to 18 U.S.C. § 4246 and the October 16, 1993 finding by United States

District Court Judge Paul A. Magnuson in the District of Minnesota. The question

pending before this Court is whether the defendant has regained competency such that he

can be tried on the instant Indictment, *i.e.*, whether he is able to understand the nature

and consequences of the proceedings against him and to assist in his own defense.

a.     On March 9, 2004, the A.F. Beeler, the Warden of the Federal Medical Center

at Butner, North Carolina, issued a Certificate of Restoration of Competency to

Stand Trial with regard to the defendant, John L. Ecker advising the Court that

the defendant, "is able to understand the nature and consequences of the

proceedings against him and to assist in his own defense." That Certification

was based upon the Annual Update Report issued by the Mental Health

Department at the Federal Medical Center ("FMC") Butner on February 17,

2004. The evaluation was headed by Robert G. Lucking, M.D., Staff

Psychiatrist, who personally evaluated Mr. Ecker.

b.     Some three months later, on June 7, 2004, Dr. Lucking issued an Addendum to

that Annual Psychiatric Report asserting that after reviewing new information, the

defendant's "current competency is in doubt and that another competency

evaluation is indicated."

c.     Based upon Dr. Lucking's addendum, on June 15, 2004, the Government filed a

motion requesting  a further psychiatric evaluation of the defendant be

conducted in order to determine his competency to stand trial pursuant to 18

U.S.C. § 4241. This motion is still pending before the Court.

d.     At a status conference held by the Court on January 25, 2005, after the

appointment of new defense counsel, counsel for the government renewed its

request for a further competency evaluation. Attorney Robert Braceras (who

presently represents the defendant) did not oppose the government's request and

also requested – on behalf of the defendant – that the Court authorize funds for an

independent psychiatric evaluation of the defendant's competency. The Court

granted the parties requests and ordered that after the defendant's independent

evaluation was concluded, that the defendant be transported back to FCI-Butner

so that the Government could also perform a competency evaluation.

e.     **Status of Competency Evaluations and Reports:**

   i.     Following the Conference on January 25, 2005, counsel for the defendant

   retained a psychiatrist to perform a competency evaluation of the

   defendant. The government is informed that the report was completed

   sometime in late March or early April of 2005. The defendant was then

   transported to FMC Butner where he is undergoing another competency

   evaluation.

   ii.    The government was advised that although the evaluation by the

   defendant's expert is complete, his attorneys had not yet determined

   whether a report would actually be written by that expert.

   iii.   Counsel for the government and Dr. Robert Lucking have requested copies

of the report prepared by the independent psychiatrist. To date, defense counsel has refused to disclose that report.

iv.   The defendant arrived back at FMC-Butner on or about April 18, 2005. Since that time, Dr. Lucking, the Bureau of Prisons psychiatrist who has again been tasked with performing the competency evaluation of the defendant, requested additional time in order to complete his evaluation and written report to the Court.

v.    Dr. Lucking requested copies of the medical records from the Essex County House of Corrections. A complete copy of those records were not received by the Government until June 3, 2005. Dr. Lucking did not receive them until June 6, 2005.

vi.   Dr. Lucking has again requested but not received a copy of the defendant's independent psychiatric evaluation.

vii.  Dr. Lucking expect to complete his report by June 10, 2005.

viii. Dr. Lucking will be on annual leave from June 13 until June 28, 2005.

3.   **Requests Regarding Defendant's Contacts with the CIA and NSA:** At the hearing on June 21, 2004, the Court asked counsel for the Government to obtain documents from the Central Intelligence Agency ("CIA") regarding the defendant's alleged relationship with that agency. Thereafter, Attorney Owen Walker who was then representing the defendant, requested the Government to obtain the same information with regard to the National Security Agency ("NSA"). On August 18, 2004, the government provided those

4

submissions to the Court and counsel.

Respectfully Submitted,

MICHAEL J. SULLIVAN

United States Attorney

By: *[signature]*

MARY ELIZABETH CARMODY

Assistant U.S. Attorney

U. S. Attorney's Office
John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 9200

Boston, MA 02210

(617) 748-3290

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document

by facsimile and also by depositing in the United States mail a copy of same in an envelope bearing sufficient

postage for delivery:

Robert Braceras, Esq.,
Neil Smith, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

This 6th day of June, 2005.

*[signature]*

MARY ELIZABETH CARMODY
Assistant United States Attorney

5

John Leonard Ecker
Reg. No: 90050-038
FMC Butner
P.O. Box 1600
Butner, NC 27509

May 18, 2005

Mary Elizabeth Carmody
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse, Suite 9200
Boston, MA 02210

Dear Ms. Carmody:
    I have just written to Judge heaton asking
him to have Attorneys Bobby Broceras and Neil
Smith immediately removed and to enter an
order dismissing both cases, with prejudice, which
are now pending before his court. If you have
any questions about the action I have just
taken or feel that there are still concerns
we need to address, please contact the
administration and arrange for us to meet
immediately so that we can work through
them together.



GOVERNMENT
EXHIBIT
A

Mary Elizabeth Carmedy
May 18, 2005
Page two

I need to inform you that I became engaged to marry a woman at this Facility after she accepted my proposal and I was directed to notify the warden of this and to let him know what I needed. I do not feel at liberty to discuss the circumstances surrounding our relationship other than to say that we had fallen in love with eachother, that she had become sexually immoral, had gone out with other inmates, and had become a victim of corruption.

I would appreciate your not objecting to dismissal of the cases pending before Judge Keeton's Court, paving the way for us to join in holy matrimony, and assisting us in relocating and putting our lives together.

Thank you for your prompt attention again in addressing this emergency.

Sincerely,

John Leonard Ecker
John Leonard Ecker

Copy: Files