# D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>    v.                              )    CRIMINAL NO. 89-30028-K<br>    )<br>JOHN LEONARD ECKER,           )<br>    Defendant                 )<br>    ) | |

ORDER
April 16, 1993

The court has received and considered the report of the Forensic Evaluation of the Federal Medical Center, Rochester, Minnesota, Reg. No. 90050-038, Date of Dictation 03/23/1993, forwarded to this court by cover letter dated March 31, 1993 from Peter M. Carlson, Warden, Re:

    Name:          Ecker, John
    Reg. No.:      90050-038
    Docket No.:    89-30028-K

(Docket No. 122, filed April 8, 1993.)

  The cover letter recites:

  It is now the opinion of our clinical staff that Mr. Ecker remains incompetent to stand trial and that there is not a substantial probability that, in the foreseeable future, he will attain the capacity to permit the trial to proceed. ...

  Title 18, United States Code, Section 4246, authorizes the Attorney General to seek the commitment of a person like Mr. Ecker under the following two conditions: (1) When a determination is made that the person is presently suffering from a mental disease or defect as a result of which his release would

EXHIBIT B

create a substantial risk of danger to others or to the property of others; and (2) When there is no suitable state placement available for the care and treatment of that person. Our mental health staff believes Mr. Ecker is likely to meet these conditions. However, at this time, Mr. Ecker has not been thoroughly evaluated for dangerousness because he is committed under Section 4241(d) for a <u>competency</u> evaluation.

The court finds that Mr. Ecker is not competent to stand trial, that further evaluation as to whether his release would create a danger to himself and the community is needed, and that a determination should be made promptly as to appropriate placement in a suitable state or federal facility if it is found that he cannot properly be released in his present condition.

It is therefore ORDERED:

Defendant is committed to the custody of the Attorney General or his authorized representative for prompt further evaluation and, if appropriate, initiation of proceedings under 18 U.S.C. §4246 in the appropriate forum. A further final or interim report shall be made to this court on or before <u>May 17</u>, 1993.

If defendant wishes a further prompt hearing in this court regarding his competency to stand trial at this time, the Order this court makes today is without prejudice to his filing a motion and supporting submission showing good cause, both on the facts and on the law, for such a hearing.

*Robert E Keeton*
United States District Judge