# E

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1436

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN L. ECKER,

Defendant, Appellant.

---

Before

Selya, Cyr and Boudin,
Circuit Judges

---

ORDER OF THE COURT

Entered: June 28, 1993

Ecker, who has been diagnosed as a paranoid schizophrenic, was arrested on firearms possession charges, see 18 U.S.C. § 922(g), and committed to the Federal Medical Center at Springfield ["Springfield"] for evaluation of his competency to stand trial. See 18 U.S.C. § 4241(d)(1). Following Springfield's evaluation, the district court concluded that Ecker was incompetent to stand trial, but might regain competency with appropriate treatment. As a result of this determination, Ecker has been committed to various federal institutions for treatment, under temporary court orders and extensions. See 18 U.S.C. § 4241(d)(2). The last order of confinement under § 4241(d)(2) expired on March 28, 1993.

On March 31, 1993, the Federal Medical Center in Rochester, Minnesota ["Rochester"] reported that Ecker had not responded to treatment and had little prospect of regaining competency. However, Rochester sought a further order of confinement, for evaluation of Ecker's future dangerousness, with a view towards hospitalization under 18 U.S.C. § 4246. On April 16, 1993, the district court accepted Rochester's finding that Ecker's recovery was unlikely, and granted Rochester's request for further confinement to evaluate his future dangerousness. Ecker challenges the April 16 order, alleging that statutory authorization for confinement under § 4241 expired with the district court's

acceptance of Rochester's finding that there was no "substantial probability that . . . [he would] attain the capacity to permit the trial to proceed." See 18 U.S.C. § 4241(d)(2)(A).[1]

The court is now informed that, subsequent to the initiation of Ecker's petition, § 4246 proceedings were validly initiated in the District of Minnesota, providing independent statutory grounds for continuing Ecker's confinement. Consequently, Ecker is no longer confined under the order challenged in this case, and his habeas petition challenging that order is moot. Cf. Powell v. Florida, 579 F.2d 324, 330 (5th Cir. 1978) (holding petitioner's habeas challenge to confinement moot, where State subsequently "cured" due process violation by providing hearing on petitioner's mental condition and dangerousness). We therefore dismiss Ecker's appeal, without prejudice to any challenge he may raise to the ongoing § 4246 proceedings, or any civil claim he may assert for alleged wrongful confinement or the like.

Dismissed.

By the court:

FRANCIS P. SCIGLIANO

Clerk

---

[1] The expiration of a § 4241(d)(2) confinement order renders a defendant "subject to the provisions of § 4246." See 18 U.S.C. § 4241(d). Conversely, the initiation of a § 4246 proceeding automatically stays a defendant's release from custody under § 4241(d). See id. at § 4246(a). However, § 4246 proceedings must be initiated by transmittal of a certificate, signed by "the director of [the] facility in which [the defendant] is hospitalized," to "the clerk of the court for the district in which the person is confined," and to the defendant himself. The certificate must attest that the defendant's "release would create a substantial risk of bodily injury . . . or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available." Id. Transmittal of the certificate is required to provide "constitutionally adequate notice" to the defendant, and to serve "as a partial guarantee that the § 4246 commitment procedures will be used 'only in those rare circumstances where a person has no permanent residence or there are no State authorities willing to accept him for commitment.'" United States v. Baker, 807 F.2d 1315, 1323-24 (6th Cir. 1986) (citation omitted). As of April 16, 1993, Rochester had not transmitted the certificate and therefore had not met the statutory requirements for custody under § 4246.

[cc: Mr. Walker and Ms. Carmody]