G

JUL 17 1995

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                    )<br>)   CRIMINAL NO. 89-30028-REK<br>)<br>JOHN L. ECKER              )<br>)  | |

Memorandum and Order
July /4/, 1995

Before the court is defendant's motion to dismiss the indictment (Docket No. 133, filed January 30, 1995), with supporting memorandum (Docket No. 134). The government filed an opposition (Docket No. 137, filed March 16, 1995), to which defendant has replied (Docket No. 138, filed April 20, 1995).

I.

In November 1989, defendant was indicted in the District of Massachusetts for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). It appears to be undisputed that he is subject to the provisions of the Armed Career Criminal Statute, 18 U.S.C. §924(e) and thus, if convicted, faces a mandatory minimum term of imprisonment of 15 years.

Between January 1990 and March 1993, defendant underwent seven evaluations of his competency to stand trial pursuant to 18 U.S.C. §4241(d). In each case, he was either (1) determined to be

incompetent, but likely to become competent, or (2) determined to be competent, but again became incompetent before trial was held.

On April 16, 1993, this court ordered FMC Rochester, where defendant was being detained, to conduct a prompt evaluation of defendant's dangerousness and, if appropriate, to initiate proceedings under 18 U.S.C. §4246. A report on defendant's dangerousness was forwarded to this court on May 10, 1993. On that same date, the Warden at FMC Rochester filed a Certificate of Mental Disease or Defect and Dangerousness in the United States District Court for the District of Minnesota.

After a hearing before a Magistrate Judge in the District of Minnesota, defendant was ordered committed to the custody of the United States Attorney General pursuant to 18 U.S.C. §4246, by the United States District Court for the District of Minnesota (Magnuson, J.). That order of commitment was affirmed by the Eighth Circuit Court of Appeals in United States v. Ecker, 30 F.3d 966 (8th Cir.), cert. denied, ___ U.S. ___, 115 S. Ct. 679 (1994).

II.

Defendant asserts two grounds for dismissal of the indictment. First, he contends that the statute under which he has been committed, 18 U.S.C. §4246, requires dismissal of pending charges when a defendant is committed pursuant to its provisions. Second, he alleges that the pendency of the indictment is interfering with a purported right of defendant to placement in a state institution, and contends that his right of due process is

2

thereby abridged.

I conclude that both contentions are without merit.

The parties agree that 18 U.S.C. §4246 is the sole statute that governs defendant's current commitment.

Contrary to defendant's contention, no part of that statute requires that an indictment against a defendant who has been committed pursuant to that statute's provisions be dismissed. It does allow for initation of commitment proceedings in the event that all charges have been dismissed "solely for reasons related to the mental condition of the person." See 18 U.S.C. §4246(a). The statute in no sense requires the government, however, to dismiss the charges in the event of commitment. The cases cited by defendant do not so hold; nor does the legislative history cited by defendant support his contention.

Defendant's second argument appears to be that the pendency of the indictment interferes with a purported right of defendant to placement in a state institution, and therefore abridges his right of due process.

This argument is different from the argument, already rejected by the Eighth Circuit, that defendant's detention for three years pursuant to 18 U.S.C. §4241(d) violated his right of due process. See Ecker, 30 F.3d at 969-70.

For the purpose of deciding this motion, I assume in defendant's favor, without so finding, that defendant's allegation (based only on hearsay and not on competent evidence) that state mental health officials currently refuse to take custody of him

3

because of the pending federal indictment, is true.

Defendant does not contend, nor do the precedents support a contention, that the Due Process Clause itself confers on plaintiff a right to be committed to a state, rather than a federal, institution.

Defendant does appear to suggest that the applicable statute, 18 U.S.C. §4246, confers on him a liberty interest in being held in a state hospital rather than a federal institution. The relevant section of the statute provides that, on a determination by a court that a person shall be committed to the custody of the Attorney General because he is suffering from a mental disease as a result of which his release would create a substantial risk of injury to another person or serious damage to another's property,

> [t]he Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a state to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until--
> (1) such a State will assume such responsibility; or
> (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;
> whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

18 U.S.C. §4246(d). At least in the circumstance where the state

4

has refused to take custody of the defendant, even if the reason for its refusal is, as alleged here, the pendency of a federal indictment, I conclude that the statute cannot fairly be read to confer on defendant a liberty interest, protected by the Due Process Clause of the Fifth Amendment of the United States Constitution, in being committed to a state institution rather than a "suitable facility" chosen by the Attorney General,.

## ORDER

For the foregoing reasons, it is hereby ORDERED:

The Clerk is directed to enter on a separate document a Final Order as follows:

> The motion to dismiss the indictment (Docket No. 133) is DENIED.

/s/ Robert E. Keeton
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>JOHN L. ECKER )<br>) | CRIMINAL NO. 89-30028-REK |

**Final Order**
July 4, 1995

For the reasons stated in the Memorandum and Order of this date, it is hereby ORDERED:

The motion to dismiss the indictment (Docket No. 133) is DENIED.

Approved:                                By the Court:

_____                _____
United States District Judge             Joanne M. Cull, Deputy Clerk