K

COURT
OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 16  A 7:31

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOHN L. ECKER, | ) |
| Defendant, | ) |
|  | ) |

Criminal Action        FILED
No. 89-30028-REK        CLERK'S OFFICE

## MOTION OF THE UNITED STATES OF AMERICA, PURSUANT TO 18 U.S.C. § 4241, FOR FURTHER PSYCHIATRIC EVALUATION AND HEARING TO DETERMINE THE DEFENDANT'S MENTAL COMPETENCY

Now comes the United States of America, in the above-captioned cause, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and requests the Court to order a further psychiatric evaluation of the defendant and then to hold a hearing to determine the competency of the defendant to stand trial pursuant to 18 U.S.C. § 4241, for the following reasons:

1.    On March 9, 2004, the A.F. Beeler, the Warden of the Federal Medical Center at Butner, North Carolina, issued a Certificate of Restoration of Competency to Stand Trial with regard to the defendant, John L. Ecker. In that Certificate, Warden Beeler advised the Court that, "is able to understand the nature and consequences of the proceedings against him and to assist in his own defense." (Copy Attached as Exhibit "A")

2.    This Certification was based upon the Annual Update Report issued by the Mental Health Department at the Federal Medical Center ("FMC") Butner on February 17,

2004. The evaluation was headed by Robert G. Lucking, M.D., Staff Psychiatrist, who personally evaluated Mr. Ecker.

3.  After receiving the Certification of Warden Beeler, the Court held a status conference on March 31, 2004. At the conference, the Government requested that a Competency hearing be held. Counsel for the defense asserted that the defendant was competent and ready for trial. The Court set dates for a detention hearing, conference and trial. Those dates have been continued. The detention hearing and conference is presently set for June 21, 2004 and the trial is set for June 28, 2004.

4.  On May 17, 2004, the defendant sent a letter to the Court with copies of other documents attached as exhibits to the letter. These documents indicate that the defendant intends to assert as a defense that he was authorized to carry the firearm he is charged with possessing in violation of the law because he was authorized by, the Central Intelligence Agency ("CIA") to do so. The defendant also asked that Attorney Owen Walker be removed as his attorney and new counsel be appointed. These documents were then provided to Dr. Lucking at FMC Butner.

5.  Dr. Lucking has advised that in addition to the letter to the Court, the defendant attempted to contact a staff member at FMC Devens through an attorney he retained in Maryland. The person whom he attempted to contact was a female staff at FMC Devens as to whom Ecker had a delusional erotomanic attachment. That attachment resulted in the defendant's transfer to FMC Butner. The letter from the attorney was forwarded to Dr. Lucking.

6.  According to Dr. Lucking, these two incidents taken together indicate that despite

2

active and consistent treatment, the defendant has compensated for his illness to the extent that he is aware of others reactions to, and perceptions of, his delusional beliefs and is able to conceal them. In addition, the defendant is aware of those he needs to conceal these delusional beliefs from in order to obtain the outcome he desires.

7.   According to Dr. Lucking, the letter to the Court clearly indicates that the defendant continues to base his judgments, perceptions and decisions on the above described delusional beliefs. Therefore, Dr. Lucking is preparing an Addendum to the Annual Psychiatric Evaluation expressing his present view that the defendant's current competency to stand trial is in dispute. Dr. Lucking is requesting that another competency evaluation be performed. The Addendum was expected to be available on Monday, June 14, 2004, but has not yet been received by the United States. A copy will be provided to the Court as soon as it is received by the United States, if not already provided to the Court directly by the personnel at FMC Butner.

8.   For the foregoing reasons, the United States requests that the Court order a re-evaluation of the defendant's present competency to stand trial be conducted pursuant to 18 U.S.C. § 4241(b) by the personnel at FMC Butner. According to the statute this process will take from 30-45 days. Thereafter, the United States requests that this Court hold a hearing, pursuant to 18 U.S.C. § 4241(a) to determine whether the defendant is presently competent to stand trial.

Wherefore, the United States of America, respectfully requests the Court to order a re-evaluation of the defendant, pursuant to 18 U.S.C. § 4241(b), and thereafter, hold a hearing,

3

pursuant to 18 U.S.C. § 4241(a), to determine whether the defendant is presently competent to stand trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
MARY ELIZABETH CARMODY
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3290

## CERTIFICATION PURSUANT TO L.R. 7.1 (A)(3)

I hereby certify that on several occasions, including June 3, 2004, I conferred with the attorney of record for the defendant in person and by telephone and attempted in good faith to resolve the issues presented in this motion. The parties were unable to agree.

_____
MARY ELIZABETH CARMODY

## CERTIFICATE OF SERVICE

I hereby certify that on a true copy of the above document was served upon the attorney of record for each other party by hand on June 15, 2004.

_____
MARY ELIZABETH CARMODY

4

                                                    :CT COURT
                                                .CT OF MASS.

                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                              2004 JUN 16  A 7: 32

                                    )
UNITED STATES OF AMERICA,           )
                                    )      Criminal Action        FILED
        v.                          )      No. 89-30028-REK       RK'S OFFICE
                                    )
                                    )
JOHN L. ECKER,                      )
        Defendant,                  )
                                    )
_____   )


        MEMORANDUM IN SUPPORT OF THE MOTION OF THE
     UNITED STATES OF AMERICA, PURSUANT TO 18 U.S.C. § 4241,
       FOR FURTHER PSYCHIATRIC EVALUATION AND HEARING
       TO DETERMINE THE DEFENDANT'S MENTAL COMPETENCY


        Now comes the United States of America, in the above-captioned cause, by and

through its attorney, Michael J. Sullivan, United States Attorney for the District of

Massachusetts, and files this Memorandum in Support of its request the Court to order a

further psychiatric evaluation of the defendant and then to hold a hearing to determine the

competency of the defendant to stand trial pursuant to 18 U.S.C. § 4241, for the reason that

there is reasonable cause to believe that the defendant continues to base his judgments,

perceptions and decisions on delusional beliefs, including those surrounding his potential

defense to the pending charges, which indicate he may not be competent to stand trial.

        **I. Relevant Facts:**

1.      On March 9, 2004, the A.F. Beeler, the Warden of the Federal Medical Center at

        Butner, North Carolina, issued a Certificate of Restoration of Competency to Stand

        Trial with regard to the defendant, John L. Ecker. In that Certificate, Warden Beeler

        advised the Court that, "is able to understand the nature and consequences of the

proceedings against him and to assist in his own defense."

2.    This Certification was based upon the Annual Update Report issued by the Mental
      Health Department at the Federal Medical Center ("FMC") Butner on February 17,
      2004. The evaluation was headed by Robert G. Lucking, M.D., Staff Psychiatrist,
      who personally evaluated Mr. Ecker.

3.    After receiving the Certification of Warden Beeler, the Court held a status conference
      on March 31, 2004. At the conference, the Government requested that a Competency
      hearing be held. Counsel for the defense asserted that the defendant was competent
      and ready for trial. The Court set dates for a detention hearing, conference and trial.
      Those dates have been continued. The detention hearing and conference is presently
      set for June 21, 2004 and the trial is set for June 28, 2004.

4.    On May 17, 2004, the defendant sent a letter to the Court with copies of other
      documents attached as exhibits to the letter. These documents indicate that the
      defendant intends to assert as a defense that he was authorized to carry the firearm he is
      charged with possessing in violation of the law because he was authorized by, the
      Central Intelligence Agency ("CIA") to do so. The defendant also asked that Attorney
      Owen Walker be removed as his attorney and new counsel be appointed. These
      documents were then provided to Dr. Lucking at FMC Butner.

5.    Dr. Lucking has advised that in addition to the letter to the Court, the defendant
      attempted to contact a staff member at FMC Devens through an attorney he retained in
      Maryland. The person whom he attempted to contact was a female staff at FMC
      Devens as to whom Ecker had a delusional erotomanic attachment. That attachment

2

resulted in the defendant's transfer to FMC Butner. The letter from the attorney was forwarded to Dr. Lucking.

6.      According to Dr. Lucking, these two incidents taken together indicate that despite active and consistent treatment, the defendant has compensated for his illness to the extent that he is aware of others reactions to, and perceptions of, his delusional beliefs and is able to conceal them. In addition, the defendant is aware of those he needs to conceal these delusional beliefs from in order to obtain the outcome he desires.

7.      According to Dr. Lucking, the letter to the Court clearly indicates that the defendant continues to base his judgments, perceptions and decisions on the above described delusional beliefs. Therefore, Dr. Lucking is preparing an Addendum to the Annual Psychiatric Evaluation expressing his present view that the defendant's current competency to stand trial is in dispute. Dr. Lucking is requesting that another competency evaluation be performed.[1]

**II. Due Process Requires a Further Competency Evaluation:**

The conviction of a criminal defendant while he is legally incompetent violates due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *United States v. Bruck*, 152 F.3d 40, 46 (1st Cir. 1998). The district court has a duty to order a competency hearing is there is "reasonable cause" to doubt the defendant's competence to stand trial. 18 U.S.C. § 4241; *Bruck*, 152 F.3d at 46. A defendant is incompetent to stand trial if he is incapable of

---

[1] The Addendum was expected to be available on Monday, June 14, 2004, but has not yet been received by the United States. A copy will be provided to the Court as soon as it is received by the United States, if not already provided to the Court directly by the personnel at FMC Butner.

3

understanding the proceedings against him and/or assisting with his defense. *Dusky v. United States*, 362 U.S. 402, 402 (1960).

In the annual evaluation dated February 17, 2004, the defendant was found to be competent only when forcibly injected with medication. Since that Evaluation, the psychiatrist who performed that evaluation has learned new facts that cause him to question the defendant's present competence to stand trial. Based upon the facts presently known to Dr. Lucking, the defendant is incapable of effectively assisting with his defense. The letters and documents submitted by the defendant to the Court on May 17, 2004 – after the date of the status conference and after his annual evaluation – indicate that the defendant wants to assert a defense that is based upon a delusion, *i.e.*, that at the time of the offense he was working for the CIA and was authorized to carry the firearm that is the subject of this Indictment. The documents filed by the defendant to support such a claim actually controvert the fact that he was employed by the CIA. The defendant is also exhibiting signed of a delusion that begins with erotomania with respect to the females, in this instance it appears to be with a staff member at FMC Devens. Thus, the defendant appears to be losing his grasp on reality.

All of these facts indicate that the defendant is suffering from delusions that pervade his reality and make him incapable of effectively assisting with his defense. Moreover, any protestations by defense counsel that he believes that the defendant to be competent supports Dr. Lucking's view that the defendant "has compensated for his illness to the extent that he is aware of others reactions to, and perceptions of, his delusional beliefs and is able to conceal them. In addition, the defendant is aware of those he needs to conceal these delusional beliefs from in order to obtain the outcome he desires." The defendant desires to be found competent

4

to stand trial, and, in order to do so he needs to first convince defense counsel. Although counsel may be of that view, the defendant's own actions belie that fact.

Finally, the Court is well aware of the lengthy, extensive and serious nature of the defendant's psychiatric history, which includes a diagnosis of paranoid schizophrenia. The defendant has been found competent to stand trial upon occasion in the past, but then has lapsed once again into incompetency. The present instance falls into that same pattern. In addition, the defendant's history of dangerousness is well-documented, including in the most recent Annual Evaluation. All of these facts indicate that there is reasonable cause to believe that the defendant is not presently competent to stand trial.

For the foregoing reasons, the United States requests that the Court order a re-evaluation of the defendant's present competency to stand trial to be conducted pursuant to 18 U.S.C. § 4241(b) by the personnel at FMC Butner. This process will take from 30-45 days. Thereafter, the United States requests that this Court hold a hearing, pursuant to 18 U.S.C. § 4241(a) to determine whether the defendant is presently competent to stand trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: MARY ELIZABETH CARMODY
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3290

**CERTIFICATE OF SERVICE**

    I hereby certify that on a true copy of the above document was served upon the attorney of record for each other party by hand on June 15, 2004.

_____
MARY ELIZABETH CARMODY

6