L



U. S. Department of Justice

Federal Bureau of Prisons   JUL - 1 2004

*FCC Butner*

P. O. Box 1500
Butner, NC 27509

June 21, 2004

The Honorable Robert E. Keeton
United States District Court
District of Massachusetts
3130 United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210-3002

RE: ECKER, John Leonard
    REGISTER NUMBER:   90050-038
    DOCKET NUMBER:     89-30028-K

Dear Judge Keeton:

Enclosed please find our Addendum to Annual Forensic Update completed on Mr. Eckler.

Mr. Eckler was committed to the custody of the Attorney General until placement in a suitable state mental health facility could be arranged, pursuant to Title 18, United States Code, Section 4246(f). Additional information has become apparent which casts doubt on our previous opinion that Mr. Eckler is competent to proceed to trial and another competency evaluation seems appropriate.
Robert Lucking, M.D., Staff Psychiatrist, Mr. Eckler's primary therapist, has outlined his recommendations concerning the need for hospitalization and treatment in the attached report.

Should you have further questions concerning this matter, please do not hesitate to contact me.

Respectfully,

A.F. Beeler
Warden

Enclosures

cc:     Mary Carmody, Assistant United States Attorney
        Owen Walker, Federal Public Defender

ADDENDUM TO THE
ANNUAL FORENSIC UPDATE
Mental Health Department
Federal Medical Center
Butner, North Carolina

**NAME:** ECKER, John Leonard
**REGISTER NUMBER:** 90050-038
**DOCKET NUMBER:** 89-30028-K
**DATE OF BIRTH:** 08/05/60
**DATE OF REPORT:** 06/07/04
**DATE SIGNED:** 06/17/04

**IDENTIFYING INFORMATION**: Mr. John Leonard Ecker is a 43-year old single White male from Wilbraham, Massachusetts. He was admitted to the Mental Health Department of the Federal Medical Center (FMC) in Butner, North Carolina on 09/19/02 as a transfer from the FMC Devens in Massachusetts related to inmate management issues for stalking a female staff member and threatening the Chief of Psychiatry. Mr. Ecker was originally charged with being a Felon in Possession of a Firearm in the District of Massachusetts in October 1989. Mr. Ecker underwent psychiatric evaluation for competency/restoration of competency on at least seven occasions during the period from October 1989 to March 1993. Each of the evaluations with the exception of the evaluation conducted in July 1991 concluded that Mr. Ecker was not competent an not likely to be restored to competency. In April 1993, Robert Keeton, U.S. Magistrate Judge for the District of Massachusetts from Mr. Ecker was not restorable to competency. In October 1993, Mr. Ecker was committed to the custody of the Attorney General pursuant to Title 18 U.S. Code, Section 4246 by Paul Magnuson, U.S. District Judge for the District of Minnesota, Third Division. Mr. Ecker has remained in the custody of the Attorney General since that time. In July 2001 this case was transferred to the U.S. District Court for the District of Massachusetts. In an Annual Psychiatric Summary, dated 02/17/04, we opined that Mr. Ecker had achieved competency to stand trial. Mr. Ecker is represented by Owen Walker, of the Federal Public Defenders Office and the Assistant U.S. Attorney assigned to the case is Mary Beth Carmody.

On 05/19/04, the primary clinician received faxed material from the Assistant U.S. Attorney in the form of a letter that Mr. Ecker had sent to the Honorable Robert E. Keeton. In this letter, Mr. Ecker stated that he intended to defend himself against the charge of being a Felon in Possession of a Firearm by alleging that he was a CIA informant and that the CIA had

Page 1 of 2

sanctioned his carrying the firearm. Mr. Ecker also asked that his attorney Mr. Walker be removed as his counsel as that he be assigned a new attorney.

Additionally, Mr. Ecker had attempted to contact a staff member at the Federal Medical Center (FMC) Fort Devons in Massachusetts though an attorney he had retained in Maryland. This female staff member is an individual to whom he had a delusional erotomanic attachment. This was one of the issues which required his transfer to FMC Buther. This issue, in and of itself, would not raise the issue of competency; however, coupled with the above issue points to the continued presence of delusional beliefs upon which he bases his decisions and behavior.

In retrospect, with this additional information provided by Ms. Carmody, it would appear that with active and consistent treatment Mr. Ecker has compensated to the extent that he is aware of others' reactions and perceptions of his delusional beliefs and is able to conceal them most of the time. He is also aware of whom he needs to conceal these delusional beliefs from in order to obtain the outcome he desires. However, his letter to Judge Keeton (which he presumably thought would escape the scrutiny of his primary clinician) clearly indicates that he continues to base his judgements, perceptions, and decisions on delusional beliefs.

In view of this new information, it is the opinion that Mr. Ecker's current competency is in doubt and that another competency evaluation is indicated.

Robert G. Lucking, M.D.
Staff Psychiatrist
Mental Health Department
Federal Medical Center
Butner, North Carolina

Angela Walden-Weaver, Ph.D.
Staff Psychologist

RGL/aww/sjt/je