N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )  |  |
| )  |  |
| v.    )  | CRIMINAL ACTION NO. 89-30028-F |
| )  |  |
| JOHN LEONARD ECKER    )  |  |

ORDER

January 9, 1992

PONSOR, U.S.M.J.

This is the latest in a series of efforts to determine the competency of the defendant to stand trial.

After several evaluations at two different federal facilities, the defendant, on November 25, 1991, was found by then Chief United States District Judge Frank H. Freedman to be competent to proceed to trial, within the meaning of 18 U.S.C. § 4241(e). At the same time, the court found that the defendant presently suffers from a mental condition as a result of which his release would create a substantial risk of bodily injury to another person, within the meaning of 18 U.S.C. § 4246(d).

Based on these findings, Chief Judge Freedman ordered the defendant to be referred to this Magistrate Judge for arraignment.

On December 19, 1991 defendant appeared before this court and was duly arraigned. The court ordered entry of not guilty pleas on behalf of the defendant, established a schedule for completion of all pretrial proceedings and ordered the defendant detained. The defendant was then remanded to the custody of the U. S. Marshals who transported him to the Essex County House of

Corrections for detention.

Unfortunately, within hours of defendant's remand for detention, he made a serious effort to commit suicide by attempting to hang himself. As reported by counsel for the defendant, the medical personnel at the House of Corrections were of the opinion that the defendant suffered, at a minimum, from a serious psychological impairment. In addition, defense counsel found it impossible to engage the defendant in cogent conversation regarding his case.

Based upon this, defendant's counsel filed another Motion for Determination of Mental Competency pursuant to 18 U.S.C. § 4241(a), which was not opposed by the Government. In view of the lack of opposition, defendant's suicide attempt and his severe difficulties in communicating with counsel, the court allowed the motion on December 23, 1991.

The defendant is therefore ordered transported to the Medical Center for Federal Prisoners in Springfield, Missouri for a psychological examination and report pursuant to 18 U.S.C. § 4241(b) to determine the mental competency of the defendant. The issue is whether there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As a subsidiary issue, the court requests that the personnel at the facility include in their opinion comments that

might assist the court in determining whether the defendant is feigning symptoms of mental illness to avoid going to trial. The psychological examination shall be completed and a report returned to this court in accordance with the timelines set forth in 18 U.S.C. § 4247(b).

It is So Ordered.

_____
MICHAEL A. PONSOR
U. S. Magistrate Judge