UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )   Criminal Action
        v.                          )   No. 89-30028-NMG
                                    )
JOHN L. ECKER,                      )
                                    )
            Defendant,              )
_____)

**GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO
OPPOSE OR OTHERWISE RESPOND TO THE DEFENDANT'S
MOTION TO DISMISS INDICTMENT WITH PREJUDICE
(UNOPPOSED)**

Now comes the United States of America, in the above-captioned cause, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and requests the Court for an enlargement of time to respond to the defendant's Motion to Dismiss Indictment With Prejudice until December 30, 2005, for the following reasons:

1.  The defendant filed his Motion To Dismiss the Indictment with Prejudice yesterday on October 24, 2005. It was received at the U.S. Attorney's Office after the close of business on that date.

2.  The defendant is not presently being held in custody due to this criminal case, but rather due to his civil commitment pursuant to 18 U.S.C. § 4246 because he has been determined to be long term incompetent due to his serious mental illness and is also criminally dangerous because his release would create a substantial risk of harm to another person or persons. Therefore, the decision whether to dismiss this Indictment

      will not result in the defendant's release from custody. Therefore, no prejudice will result to the defendant from this relatively brief enlargement of time from the original answer date of December 7th to December 30, 2005.

3. The issues presented by the defendant's motion are serious, especially in light of the very complex nature of the defendant's serious mental illness and criminally dangerous status, including the number and variety of opinions as to the defendant's competency over the history of this case.

4. The defendant's motion contains several misstatements of fact and allegations concerning both the defendant's mental health history, as well as the procedural posture of this case and the impact of the dismissal of this Indictment on the defendant's status. For example, the defendant's motion indicates that if this Indictment is dismissed that he be transferred to into state custody in the Commonwealth of Massachusetts. The motion goes further and requests this Court to so order. That statement is not correct as a matter of fact or of law and the decision to transfer the defendant into an institution in the Commonwealth of Massachusetts is not before this Court. That decision is within the purview of the Attorney General pursuant to 18 U.S.C. 4246(d) and is subject to the willingness of the Commonwealth of Massachusetts to assume responsibility for the defendant. The mere pendency of this Indictment may or may not have any impact upon that determination. These issues need to be fully addressed in the government's response to this motion and must be carefully considered by this Court.

5. Counsel for the defendant represented to the Court during the status conference that

      the maximum penalty faced by the defendant is 20 years. That is not so. The maximum term of imprisonment faced by the defendant is life imprisonment. *United States v. Stokes,* 388 F.3d 21, 28 (1st Cir. 2004), *vacated on other grounds,* 125 S.Ct.1678 (2005), *reinstated,* 2005 WL 2170091 (1st Cir. Sept. 8, 2005; *see also, Custis v. United States,* 511 U.S. 485, 487 (1994). In view of the seriousness of the offense in this case and the defendant's serious past criminal history, it is not at all clear that the defendant would have been sentenced only to the mandatory minimum in this case.

6. In view of the complex history and seriousness of this case, the government must respond to the allegations contained in the motion and memorandum by the defendant by referring to the lengthy history and procedural status of this case, as well as the impact any dismissal will have on the defendant and his placement alternatives. The undersigned Assistant U.S. Attorney has handled this case for the better part of its 15 year pendency and is most familiar with the facts, the defendant's psychiatric history, the procedural posture of the case and, as a result, the seriousness of the issues that currently confront the Court in this case. She will be unavailable due to illness until December 12, 2005. Immediately upon her expected return from sick leave she has several court appearances scheduled immediately. There is also the Christmas holiday. Therefore, counsel for the government requests an enlargement of time until December 30, 2005 to respond to the defendant's motion.

7. Pursuant to L. R. 7.1, counsel conferred in person on October 18, 2005. Counsel for the defendant stated that he will not oppose this motion.

Wherefore, the United States requests that the Court enlarge the time for the United

States to oppose or otherwise respond to the defendant's Motion to Dismiss Indictment With Prejudice until December 30, 2005

                                        Respectfully Submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                    By:    /s/ Mary Elizabeth Carmody

                                        MARY ELIZABETH CARMODY
                                        Assistant U.S. Attorney
                                        U. S. Attorney's Office
                                        John Joseph Moakley
                                        United States Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA  02210
                                        (617) 748–3290

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by ECF/mailing a copy of same in an envelope bearing sufficient postage for delivery to:

        Robert Braceras, Esq.
        Goodwin Proctor, LLP
        Exchange Place
        Boston, MA 02109

This 25th day of October, 2005 .

                                        /s/ Mary Elizabeth Carmody
                                        _____
                                        MARY ELIZABETH CARMODY
                                        Assistant United States Attorney