

A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | |
|---|---|
| V. | Criminal No. 89-30028-NMG-1 |
| JOHN LEONARD ECKER, | |
| Defendant. | |

Case 1:89-cr-30028-NMG   Document 192   Filed 01/24/2006   Page 2 of 7

**MEMORANDUM IN REPLY TO GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS INDICTMENT WITH PREJUDICE**

  The government's opposition to John Leonard Ecker's motion to dismiss is straightforward: Mr. Ecker should not be released from federal custody because, according to the U.S. Attorney, only the Bureau of Prisons is competent to house Mr. Ecker. The government misses the point. Under the due process clause of the Constitution, an indictment *cannot* remain pending where there is no likelihood that the defendant will ever be competent. Here, both the government's own expert and this Court have acknowledged that it is unlikely that Mr. Ecker will *ever* regain competency to stand trial. As a matter of settled law, the federal government has no right to incarcerate defendants awaiting trial like Mr. Ecker *in perpetuity*. Nevertheless, the government refuses to dismiss the charge against Mr. Ecker, thus condemning Mr. Ecker to a life-sentence in federal prison *without trial*.

  Mr. Ecker belongs in a hospital in Massachusetts, not a federal prison. This Court can, and should, put an end to the government's unrealistic (and now unconstitutional) crusade. The

Court should dismiss the indictment and order that Mr. Ecker be transferred to state custody where he can be treated properly.[1]

## ARGUMENT

### I. MR. ECKER WILL *NOT* REGAIN COMPETENCY SUFFICIENT TO STAND TRIAL IN THE FORESEEABLE FUTURE

Mr. Ecker will not regain competency to the point that he can be tried on these charges at any time in the foreseeable future, even with medication. This was firmly established before this Court on July 14, 2005. Both the Court, (Keeton, J.), and the *government's own treating psychiatrist* acknowledged that Mr. Ecker would *not* regain competency. *See* Defendant's Motion to Dismiss Indictment, Ex. I, at 47-49, 58-60. In Dr. Lucking's own words, Mr. Ecker "continued to have some residual psychotic symptoms that remain even when he is adequately treated," which in turn "casts some doubt upon whether there is a substantial probability that he can be restored to competency." *Id.* at 49. This Court agreed, stating that "it is not foreseeable that [Mr. Ecker] will be likely to become competent to stand trial anytime in the near future." *Id.* at 61 (Keeton, J.). The Court also found that involuntary medication "would not make it possible for the defendant to be competent to stand trial, to assist his counsel as his counsel would need it, or to try the case on his own behalf as he has sought as an alternative to having counsel represent

---

[1] The root of the government's concern is its fear that Mr. Ecker will somehow be released (or even escape) once he leaves federal custody. See Opposition, at 9 ("The release or to transfer [sic] of the defendant Ecker to a state mental hospital (not necessarily a secure institution) may result in a greater likelihood that he would be released, and therefore would create a substantial risk of harm to another person or persons."). The government is essentially arguing that the Commonwealth of Massachusetts is not equipped to take custody of Mr. Ecker. The U.S. Attorney's lack of confidence in the Commonwealth, however, is wholly irrelevant to the legal analysis. Mr. Ecker may not be detained in violation of the Constitution merely because the U.S. Attorney prefers the federal Bureau of Prisons over a state mental hospital. Basic principles of federalism and comity require the government to return Mr. Ecker to his home state for necessary treatment. 18 U.S.C. § 4246; *United States v. Ecker*, 78 F.3d 726, 727 (1st Cir. 1996) (holding that in 1996 federal authorities were obligated "to place Mr. Ecker in an appropriate state institution in his home state, Massachusetts, if possible"); *United States v. Ecker*, 30 F.3d 966, 971 (8th Cir. 1994) (holding that the Attorney General "must continue efforts to place Mr. Ecker in a state facility of his domicile").

him." *Id.* at 67. Indeed, it was established that, even when medicated, Mr. Ecker remains incompetent and delusional. *Id.* at 58-59.

The government's opposition ignores this evidence and the Court's findings, arguing instead that Mr. Ecker might somehow regain competency in the near future — something that has not happened in the past fifteen years despite his "treatment" by the Bureau of Prisons. This is not wishful thinking that Mr. Ecker will finally respond to his in-prison treatment after all these years; this is a thinly-veiled strategic argument to keep Mr. Ecker in federal custody in perpetuity without a trial. The government's argument that Mr. Ecker may regain competency is worse than speculation; it is directly contradicted by the record evidence and the Court's findings. The Court should take this opportunity to put an end to the unlawful detention of Mr. Ecker.

Case 1:89-cr-30028-NMG   Document 192   Filed 01/24/2006   Page 4 of 7

## II. THIS COURT IS NOT BOUND BY "*STARE DECISIS*" TO CONFINE MR. ECKER IN PERPETUITY WITHOUT TRIAL

In its opposition, the government argues that this Court is bound by *stare decisis* from dismissing Mr. Ecker's stale indictment. This argument is wholly without merit, as both the facts and Mr. Ecker's legal position have fundamentally changed in the decade since the First Circuit's decision in *United States v. Ecker*, 78 F.3d 726 (1st Cir. 1996). In 1996, Mr. Ecker challenged whether an indictment must be immediately dismissed upon a finding of dangerousness under 18 U.S.C. § 4246. The First Circuit upheld the District Court's denial of that motion. Since that decision ten years ago, however, Mr. Ecker has not moved one step closer to trial. Mr. Ecker now challenges the indictment on grounds that his case is stale and that no progress toward trial can be made. Nothing in the First Circuit's decision in 1996 or in the long history of this case gives the federal government the power to hold a mentally ill person under a perpetual pending indictment. To the contrary, as discussed in Mr. Ecker's opening

- 3 -

brief, the Eighth Circuit addressed this issue and, twelve years ago, expressly held open the possibility that Mr. Ecker's confinement could become unconstitutional. *See Ecker,* 30 F.3d at 969-70 (finding no due process violation in 1994 because Ecker's total time in confinement up to that point — more than 12 years ago — was far less than the possible sentence, because the "overall determination of ultimate competency to stand trial can extend over a reasonable period," which had not been exceeded in 1993); *see also Jackson v. Indiana,* 406 U.S. 715, 738 (1972) (holding that the continued pretrial commitment of an accused "must be justified" by progress towards trial); *United States v. DeBellis,* 649 F.2d 1, 3 (1st Cir. 1981) (holding that the period for which a mentally incompetent accused can be held awaiting trial must be limited and reasonable); *United States v. Walker,* 335 F. Supp. 705, 708 (N.D. Cal. 1971) (finding unconstitutional the long-term detention of mentally deficient accused simply because accused is incompetent); *Cook v. Ciccone,* 312 F. Supp. 822, 824 (W.D. Mo. 1970) (noting that commitment under 18 U.S.C. § 4246 must be temporary in nature).

### III. MR. ECKER HAS EXCEEDED THE MAXIMUM PROBABLE SENTENCE THAT HE FACES

The government does not point to a single case where a defendant in a similar situation to Mr. Ecker was sentenced to life imprisonment based solely on the charge of felon in possession of a firearm. Indeed, the government fails to point to a single case where a person in circumstances similar to Mr. Ecker was given more than the mandatory minimum sentence. Instead, the government relies on *United States v. Stokes,* 388 F.3d 21, 28 (1st Cir. 2004), to argue that Mr. Ecker has ample time remaining on a "possible" sentence (assuming he is ever convicted). *Stokes,* however, does *not* support the government's argument. In *Stokes,* there was "overwhelming" evidence that the defendant shot and killed one person, wounded two others, and then evaded police. *Id.* at 28-29. The defendant in *Stokes* used an AK-47, which also

enhanced the sentence. *Id.* at 24-25. Although the Court noted that the maximum *possible* penalty was life imprisonment, the defendant in *Stokes* received a sentence of only thirty years. *Id.* at 27. Given the severity of the crimes in *Stokes* and the fact that the defendant in that case did not receive a life sentence, the government's argument that Mr. Ecker would be given a life sentence is simply untenable.[2]

Case 1:89-cr-30028-NMG   Document 192   Filed 01/24/2006   Page 6 of 7

## CONCLUSION

The power of the federal government does not extend to perpetual pretrial confinement of a mentally ill prisoner. The federal mental health statutes specifically and unambiguously limit the government's power and provide that the states, and not the federal government, shall be responsible for the care of the mentally ill. *See* 18 U.S.C. § 4246. Mr. Ecker merely requests that the U.S. Attorney comply with this law. The pending indictment is now meaningless, as Mr. Ecker will never regain competency to stand trial. The indictment should, therefore, be dismissed so that he can be treated in a mental health facility near his home and family in Massachusetts as required by law.

For these reasons, and for those stated in Mr. Ecker's opening memorandum in support of his motion to dismiss, Mr. Ecker respectfully requests that the Court both dismiss the indictment

---

[2] The government's suggestion that Mr. Ecker could face life imprisonment if convicted is wholly without merit. Mr. Ecker was arrested peacefully and is accused only of possessing a firearm. He did not use the firearm as part of any other crime, threat, or violent act, and none of his prior crimes involved a firearm. It is fanciful for the government to argue that he could be sentenced to prison for life on these facts.

with prejudice and order the government to transfer Mr. Ecker to an appropriate mental health facility in the Commonwealth of Massachusetts.

Respectfully submitted,

JOHN LEONARD ECKER

By his attorneys,

Case 1:89-cr-30028-NMG   Document 192   Filed 01/24/2006   Page 7 of 7

/s/ Roberto M. Braceras
Roberto M. Braceras (BBO #566816)
Neil T. Smith (BBO #651157)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

DATED: January 24, 2006

## CERTIFICATE OF SERVICE

I, Neil T. Smith, counsel for John Leonard Ecker, hereby certify that on January 24, 2006, a true copy of the above document was served upon Assistant U.S. Attorney Carmody by ECF/mailing.

/s/ Neil T. Smith

Neil T. Smith

LIBA/1667508.1