United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 89-30028-NMG |
| JOHN LEONARD ECKER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

This case involves a simple charge and an endless procedural history caused primarily by the defendant's problematic mental capacity. Currently pending before the Court is the defendant's motion to dismiss the indictment against him, which is opposed by the government.

I.  **Background**

The defendant, John Leonard Ecker ("Ecker"), was charged on November 8, 1989, with one count of felony possession of a firearm under 18 U.S.C. § 922(g). Ecker is a Massachusetts resident whose mother still lives in the Commonwealth. Because the defendant is subject to 18 U.S.C. § 924(e), which is applicable to persons with three prior convictions for violent felonies or serious drug offenses, the crime with which Ecker is charged carries a mandatory minimum sentence of 15 years and a

maximum sentence of life imprisonment. See <u>United States</u> v. <u>Weems</u>, 322 F.3d 18, 26 (1st Cir. 2003). The defendant has been held in federal custody for more than 15 years without being tried. His case remains pending because he has been found incompetent to stand trial on numerous occasions.

After his initial appearance in court, Ecker moved for, and was granted, a psychiatric exam. From January, 1990, to March, 1993, the defendant was subjected to seven competency evaluations pursuant to 18 U.S.C. § 4241, most of which determined that he was unfit to stand trial. At the last of those evaluations (conducted in March, 1993), the staff of the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") found Ecker incompetent and unlikely to regain competency in the near future. Furthermore, the staff concluded that

> it is our professional opinion that Mr. Ecker is presently suffering from a mental disease or defect such that his release would present a substantial risk of bodily injury to another person or serious damage to the property of another.

That finding rendered the defendant potentially subject to indefinite confinement under 18 U.S.C. § 4246. Accordingly, in April, 1993, United States District Judge Robert E. Keeton determined that Ecker was not competent to stand trial and ordered further evaluation to determine whether proceedings under § 4246 were warranted. When the Warden of FMC-Rochester certified the finding made by his staff, the United States Attorney for the District of Minnesota instituted commitment

proceedings. As a result of those proceedings, Ecker was committed to the custody of the Attorney General under § 4246 which decision was affirmed by the Eighth Circuit Court of Appeals. United States v. Ecker, 30 F.3d 966 (8th Cir. 1994) (hereinafter, "Ecker I").

On January 30, 1995, Ecker filed a motion to dismiss the indictment against him on the grounds that 1) commitment pursuant to § 4246 requires dismissal of pending charges and 2) the pending indictment unconstitutionally interfered with his right to be transferred to a facility in his home state of Massachusetts. The Commonwealth of Massachusetts had apparently refused to accept custody of Ecker while the federal indictment remained pending. Judge Keeton denied Ecker's motion to dismiss in July, 1995, and that decision was affirmed by the First Circuit Court of Appeals on March 8, 1996. United States v. Ecker, 78 F.3d 726 (1st Cir. 1996) (hereinafter, "Ecker II").

Docket entries are scarce between March, 1996, and March, 2004, at which time the government requested another competency hearing and the defendant asserted that he was competent and ready to stand trial. On June 16, 2004, the government moved for a further psychiatric evaluation. At a competency hearing held on July 14, 2005, Judge Keeton determined that Ecker was not currently competent to stand trial nor was he likely to become competent in the foreseeable future.

In August, 2005, the case was transferred to this session of the Court and a status conference was held on October 15, 2005. Ecker has since filed another motion to dismiss the indictment, which the government opposes.

## II. Discussion

In reviewing a motion to dismiss an indictment, a court presumes the truth of all factual allegations in that indictment. See United States v. Bohai Trading Co., Inc., 45 F.3d 577, 578 n.1 (1st Cir. 1995) (citing Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952)).

Ecker contends that to permit the indictment in his case to survive beyond the expiration of the mandatory minimum sentence to which a conviction would subject him while he is detained outside of his home state without any expectation or hope of trial, constitutes a violation of his constitutional rights to liberty and due process. In response to the government's concern about his serious psychiatric and criminal history, he asserts that dismissal of the indictment will not result in his release from custody because he is still subject to commitment under 18 U.S.C. § 4246. What dismissal of the indictment would permit and encourage, however, is the transfer of Ecker to a treatment facility in his home state of Massachusetts.

The government responds that this Court's decision is dictated by stare decisis. In essence, the government contends

that the legal issues now presented by Ecker were conclusively decided by Judge Keeton in 1995 and that because that decision was affirmed on appeal in 1996, this Court is bound to deny Ecker's pending motion. Furthermore, the government argues that the indictment should not be dismissed because, contrary to the contention of Ecker, it is unclear whether he 1) might regain competency in the future, 2) would receive a sentence longer than the mandatory minimum if convicted and 3) would be transferred to a Massachusetts facility if the indictment were dismissed.

After considering the interminable and complex factual record in this case, the parties' arguments and relevant legal precedent, the Court concludes that the indictment must be dismissed.

In <u>Jackson</u> v. <u>Indiana</u>, the United States Supreme Court held that indefinite pretrial commitment on the grounds of incompetence effected a violation of due process. <u>See</u> 406 U.S. 715 (1972). Specifically, the Supreme Court stated that

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. ... [E]ven if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

<u>Id.</u> at 738. In <u>United States</u> v. <u>DeBellis</u>, the First Circuit Court of Appeals held that where a criminal defendant was

detained for longer than the maximum possible sentence in order to determine his competency to stand trial, that detention was per se unreasonable under Jackson, supra.[1] See 649 F.2d 1, 3 (1st Cir. 1981).

In this case, the Court finds that there is no reasonable likelihood that Ecker will regain competency to stand trial. Although the defendant has been deemed competent by medical personnel on three occasions during the past 16 years, those determinations have always been quickly revoked. Ecker's brief interludes of lucidity are obviously too short-lived or infrequent to indicate a "substantial probability that he will attain capacity in the foreseeable future". Jackson, 406 U.S. at 738.

In light of Ecker's persistently incompetent state and the lack of any progress toward trial, the Court concludes that his pretrial commitment for a term longer than the 15-year mandatory minimum sentence which he would be required to serve if convicted is unreasonable and therefore infringes upon his rights under the Fifth Amendment to the United States Constitution. The fact that Ecker could, in theory, be sentenced to a term longer than 15 years does not render his present detention reasonable

---

[1] The defendant in DeBellis had been charged with a crime carrying a maximum possible sentence of 30 days imprisonment and, by the time his appeal was decided, had been held in custody for approximately 15 weeks.

considering the unlikelihood of such a sentence or a change in Ecker's mental state.

The government's <u>stare decisis</u> argument is unpersuasive because ten years have passed since the First Circuit Court of Appeals affirmed the denial of Ecker's previous motion to dismiss the indictment. Notably, that decision addressed an argument that Ecker does not press today, namely that commitment under § 4246 requires dismissal of a pending indictment. <u>See</u> <u>Ecker II</u>, <u>supra</u>. The Eighth Circuit Court of Appeals, which did address the reasonableness of Ecker's pretrial commitment, concluded that the defendant's detention was not unreasonable as of 1994 but that such detention would be unconstitutional if it exceeded his "possible" sentence. <u>Ecker I</u>, 30 F.3d at 969.

The passage of time clearly diminishes the force of those earlier decisions. As a result of his incarceration for the past 16 years, Ecker has effectively served more than the mandatory minimum sentence on a charge for which he has never been convicted and there has been no indication of meaningful progress toward trial. Under these circumstances, it is unreasonable for the government to continue to imprison Ecker on the grounds that he might be declared competent to stand trial on some future date. It is beside the point that, upon dismissal of the indictment, the defendant may not necessarily be transferred to a Massachusetts facility pursuant to his commitment under 18 U.S.C.

§ 4246.

**ORDER**

In accordance with the foregoing, the Defendant's Motion to Dismiss the Indictment with Prejudice (Docket No. 189) is **ALLOWED**. Ecker will continue to be held in custody pursuant to 18 U.S.C. § 4246 pending possible transfer to a facility in Massachusetts.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: March 17, 2006