John Leonard Ecker
Reg. No. 90050-038
Medical Center For Federal Prisoners
P.O. Box 4000
Springfield, MO 65801-4000

U.S. DISTRICT COURT
JUN 29 2006
RECEIVED

June 25, 2006

The Honorable Nathanial M. Gorton
Senior U.S. District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

  Re: United States v. John Leonard Ecker
    <u>Civil No. 93-298-NMG.</u>

Dear Judge Gorton:
  On March 17, 2006, you dismissed the 16½-year-old pending indictment with prejudice which charged me with "Felon, in possession of a Firearm" for reasons not related to my mental condition and found that I had been deprived of my Fifth Amendment rights under the U.S. Constitution. I want to make you aware that no referrals have been

The Honorable Nathanial M. Gorton
June 25, 2006
Page two

submitted by the Bureau of Prisons since 1999 to get the State of Massachusetts to assume responsibility for my custody, care, and treatment which they had turned down on the last occasion. I believe that I am now entitled to release as required by and in accordance with Title 18 U.S.C. §4246(g).

I thought that I should bring this matter to your attention because you preside over the civil commitment case and also because I lack faith in Ms. Carmody executing her duties and responsibilities in acting on behalf of the Attorney General to release me as required by Title 18 U.S.C. §4246(g). As a female prosecutor, I feel that Ms. Carmody is personally bent on keeping me incarcerated and argues that I continue to fixate on female staff members which has nothing to do with the underlying legal issues that are being decided. Brandi Kaz, the case manager at FMC-Butner, (North Carolina) that Ms. Carmody was referring to in her last brief to the court,

The Honorable Nathanial M. Gorton
June 25, 2006
Page three

reciprocated my attention after I had asked her to go out with me and to marry. In the overall scheme of things, my conduct was a small blip on the radar screen, and just that, even though it may have been inappropriate and incongruent to the environment. I might be incarcerated, but I am human and have a basic need for love and companship.

Although it really has nothing to do with the underlying legal issues that would be decided in 18 U.S.C. §4246(g), the information in the following paragraphs might serve the purpose of making you feel more comfortable in releasing me:

My entire adult Massachusetts criminal record has been sealed by the Trial Court of Massachusetts and my civil rights restored to me by state statute. And, although, this doesn't take away the fact that I once had a criminal record, it does have legal implications and says something about my character now.

The Honorable Nathanial M. Gorton
June 25, 2006
Page Four

   The burglaries that Ms. Carmody has referred to in her pleadings to the Court are 1978 New Hampshire Class B Felonies of Commercial Structures which are non violent offenses under New Hampshire law. See also, e.g., United States v. Talbott (citation unavailable at time of this writing). I was only an 18-year-old adolescent at the time the offenses were committed and I plan to apply for an annulment of the NH State Convictions after I am released which I am now eligible for.
   There's a 1984 arson conviction on record which I am not guilty of and ran concurrent with a Massachusetts conviction and sentence, records of which are now sealed. In 1981, I was arrested in Maryland and charged with arson. The witnesses identified another individual as the person they saw at the scene of the crime. Under threats of a 20 year sentence, I had tentatively agreed to plead guilty and

The Honorable Nathanial M. Gorton
June 25, 2006
Page Five

was held sub curia pending a psychological evaluation. While being held sub curia, I left the pre-release Center I was being housed at and returned to Massachusetts after receiving threats from other inmates for talking to the States attorney about another inmate, James Trimble, and two of his companions who bragged to me about committing a triple murder of three women, bludgeoning and biting the nipple off of one of the breasts of one of his victims. While serving a Massachusetts sentence, the Maryland Court convicted me of the arson without holding a hearing or counsel being notified, and sentenced me to a 3 year sentence to run concurrent with the Massachusetts sentence, records of which are now sealed. According to my private attorney in Timonium, Maryland, David F. Mister, Esq., there are no transcripts of court proceedings nor is there a judgement & commitment order for the arson conviction that shows up on

The Honorable Nathanial M. Gorton
June 25, 2006
Page Six

Computer. You may contact Dave Mister for additional information. He can be reached by telephone at 410/561-3000.

I also wanted to let you know that Carie Truehart, an attorney for the CIA, lied to Judge Keeton several years ago. Terry Breshear worked for the CIA and knew me prior to my incarceration in 1989 in the Federal system and was a case manager intern here at U.S.M.C.F.P.-Springfield (MO) in March of 1992. Both the FBI and the Bureau of Prisons would have information about this. Carie Truehart sent Judge Keeton a letter several years ago denying that Terry Breshear was employed by the CIA and denied that the CIA had a relationship with me. Ms. Carmody was the person who contacted the CIA per order of Judge Keeton.

Another issue I want to bring to your attention is that in the year 2000 my medical records reportedly disappeared while I was housed at FMC-Devens which is located in

The Honorable Nathanial M. Gorton
June 25, 2006
Page Seven

Ayer, Massachusetts. I saw a memorandum authored by then-Health Services Administrator JoAnn Roseman concerning the missing medical records and was placed under investigation before I was eventually cleared of involvement. As you know, according to the Rules of Evidence, originals of documents must be available to prove the authenticity of any copies or duplicates. No originals exist to the reports that were filed with the Court prior to the year 2000.
    I think that I should also make you aware of the fact that my problems at U.S.M.C.F.P.-Springfield (MO), the 1990's in particular, are deep rooted and extensive and I could write a book on my experiences. I am not guilty of most of the institutional infractions I am alleged to have committed including allegations of threatening and assaulting staff and weapons possession like having a single edged razor in my room located in a lock down unit which is nearly impossible to do without staff

The Honorable Nathanial M. Gorton
June 25, 2006
Page Eight

involvement. I complained about many of these problems through the Bureau of Prisons' administrative remedy procedures and to then-SIS Lt. Cargill. A few of these allegations are outlined in the <u>pro se</u> Petition for Writ of Habeas Corpus that was filed in the Federal Court in Boston which was dismissed and titled, <u>John Leonard Ecker v. David L. Winn, et. als.</u>, CIV-02-10170-NMG.

IF you find that I am not eligible for release to the community under §4246(g), I ask that you have me transferred back to Massachusetts as soon as possible although I do not know what legal authority to cite for you to be able to do this. I'm presently warehoused in the 10-C locked unit at U.S.M.C.F.P.-Springfield (Mo) where there are no programs available, no psychotherapy counseling, and I'm only able to come out of my cell once or twice a day for an hour or two of recreation. IF I was transferred back to Massachusetts, I would at least be closer to

The Honorable Nathanial M. Gorton
June 25, 2006
Page Nine

my Family who live there, and in New Hampshire, and would visit me if I was closer to them. There is also a support system in place for when I am eventually released to the community. I would also be closer to my attorneys and the committing court, and it would be easier to get an independent psychiatric or psychological examination done and to motion the court for my release. I also have the following separation concerns that will interfere with my advancing at U.S. M.C.F.P.-Springfield (mo):

   1. Inmate Vince Loonsfoot became my separatee in 1994 when he lied to the authorities here and told them that I had solicited him to kill one of the guards. This caused me to be locked up and warehoused in the 10-D Unit for 5½ years where I was denied access to programs, abused and mistreated, and forced to serve disciplinary segregation sanctions on <u>numerous</u> occasions

The Honorable Nathanial M. Gorton
June 25, 2006
Page ten

(Paragraph No. 1 continued)
For things I didn't do. Inmate Loonsfoot and many of the staff I had problems with in the 1990's are still here and are in the way of me advancing.

2. On or about June 11, 1995, inmate Mark Sealy brutally murdered inmate Jimmy Jacobs in the 10-D Unit at U.S.M.C.F.P.-Springfield (mo). I was a witness to that murder and cooperated during an interview with FBI Special Agent Richard A. Morris. Inmate Sealy is still at U.S.M.C.F.P.-Springfield (mo).

The last issue that I wanted to bring to your attention was to let you know that I was very hurt and devastated by Dr. Jean Zula, the chief of psychiatry at FMC-Butner (North Carolina) when she told me recently that she was in error to originally tell me that I was being recommended for a conditional release.

The Honorable Nathanial M. Gorton
June 25, 2006
Page Eleven

She dashed my hopes of getting out and putting my life back together, and my marital plans went down the drain. I was looking forward to taking advantage of the Vocational Rehabilitation Services & Employment Program that will be available to me, getting some training in Construction Practice & Management, and eventually owning and operating my own businesses. I have certificates in legal research, computers (Word and Excel), and Finance & Investing, and am also interested in taking my Series 7 exam to become a licensed broker/dealer. I was also looking forward to spending some time at the lakehouse my mother owns in Plymouth, New Hampshire to enjoy some of the simple things in life like swimming, sailing, fishing, waterskiing, hiking, cookouts, walks through the park, sand between the toes at the beach, the serenity of a clear mountain lake, and nature's surroundings. These are all things I had asked Brandi to do with me. Perhaps with a favorable ruling

The Honorable Nathanial M. Gorton
June 25, 2006
Page twelve

on my motions (requests) we can expedite the turning of the wheels of Justice and we can make these things happen.
    I am in a locked unit and a copy machine is not available to me. Please forward a copy of this letter to my attorneys of record, Roberto Braceras and Neil Smith of Goodwin Procter, a copy to the attorney for the Government, and return a copy to me for reference.
    Thank you.

Sincerely,
J. Leonard Ecker
J. Leonard Ecker