UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| V. | Criminal No. 89-30028-NMG-1 |
| JOHN LEONARD ECKER, | |
| Defendant. | |

**DEFENDANT'S RENEWED MOTION FOR TRANSFER TO THE
CUSTODY OF THE COMMONWEALTH OF MASSACHUSETTS**

Defendant John Leonard Ecker, through his undersigned counsel, moves this Court to order the Attorney General to transfer him to the custody of the Commonwealth of Massachusetts with all deliberate speed.[1] As set forth more fully in the accompanying memorandum, Mr. Ecker has been held in federal custody since 1989 — without trial, much less conviction — because he is mentally ill. For sixteen years, he has been shuffled between federal prisons in Missouri, Massachusetts, North Carolina, Minnesota, and Oklahoma, where he has received inconsistent treatment for his illness with little or no access to his family in Massachusetts. Even after this Court dismissed the indictment against him, the federal government has done nothing to transfer Mr. Ecker to Massachusetts. Instead, they sent him even further away — to Springfield, Missouri. This perpetual cycle of transfer without meaningful or successful treatment must end.

---

[1] On October 24, 2005, Mr. Ecker moved this Court to dismiss the indictment then pending against him with prejudice and to order the federal government to transfer Mr. Ecker to Massachusetts. In its Memorandum and Order on that motion, *U.S v. Ecker*, No. 89-30028-NMG (D. Mass. March 17, 2006), the Court dismissed the indictment but did not specifically order the federal government to transfer Mr. Ecker to Massachusetts. Because the government has refused to transfer Mr. Ecker in the ensuing six months, Mr. Ecker renews that request here.

The government is holding Mr. Ecker pursuant to 18 U.S.C. § 4246, because it deems him a danger to himself or others. Mr. Ecker's continued federal imprisonment, however, violates § 4246's clear directive to transfer him to the custody of his home state. Indeed, the transfer provision of § 4246 was written to protect against the very situation in which Mr. Ecker now finds himself. Mr. Ecker's protracted federal custody also violates his constitutional rights to liberty and due process.

Mr. Ecker, therefore, asks this Court to order the Attorney General to transfer him to the custody of the Commonwealth of Massachusetts. There is no legitimate reason why Massachusetts cannot be responsible for the custody and care of Mr. Ecker. He is mentally ill, but he does not present such an extraordinary case that the Commonwealth is unable to take responsibility for his welfare. Further, given the government's past failure to effect such a transfer, Mr. Ecker requests that the Court order the government to provide monthly reports to the Court and counsel as to its progress in transferring Mr. Ecker in compliance with § 4246.

## REQUEST FOR ORAL ARGUMENT

Defendant hereby requests oral argument on his motion.

Respectfully submitted,

JOHN LEONARD ECKER

By his attorneys,

/s/ Roberto M. Braceras
Roberto M. Braceras (BBO #566816)
Neil T. Smith (BBO #651157)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

DATED: September 20, 2006

### RULE 7.1(A)(2) CERTIFICATION

I, Neil T. Smith, hereby certify that counsel for defendant John Leonard Ecker, have complied with the provisions of Local Rule 7.1(A)(2), and have conferred with counsel for plaintiff the United States in a good faith attempt to resolve or narrow the issues raised in this motion, but have been unable to reach agreement on the matter herein.

/s/ Neil T. Smith
Neil T. Smith

### CERTIFICATE OF SERVICE

I, Neil T. Smith, counsel for John Leonard Ecker, hereby certify that on September 20, 2006, a true copy of the above document was served upon Assistant U.S. Attorney Carmody by ECF/mailing.

/s/ Neil T. Smith
Neil T. Smith

LIBA/1710606.2