UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal Action |
| v. | ) ) | No. 89-30028-NMG |
| JOHN L. ECKER,    Defendant, | ) ) ) |  |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS OPPOSITION TO JOHN ECKER'S RENEWED
<u>MOTION FOR TRANSFER TO THE CUSTODY OF MASSACHUSETTS</u>**

Now comes the United States of America, in the above-captioned cause, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and files this Supplemental Opposition to Mr. Ecker's Motion For Transfer To The Custody of Massachusetts.

In addition to the reasons set forth in its original opposition, the Government states that this motion must be denied because, after reviewing the Bureau of Prisons' request for transfer of Mr. Ecker to the Commonwealth of Massachusetts, the Department of Mental Health has denied the transfer request. The stated reason for the denial is because, "there is no Department of Mental Health facility that would be appropriate for Mr. Ecker given his clinical presentation and needs." (A copy of the Commonwealth's denial letter dated October 18, 2006 is attached hereto as Exhibit "A"). Thus, as set forth in the Government's original Opposition, the Bureau of Prisons (BOP) has complied with its responsibilities under 18 U.S.C. § 4247(d). Massachusetts had denied the request because they do not have suitable facilities for Mr. Ecker. The Court cannot require more. This motion should be denied.

The BOP requested that the Department of Mental Health of the Commonwealth of

Massachusetts assume responsibility for the care, custody and treatment of Mr. Ecker under the Interstate Compact for Mental Health. *See* Mass. Gen. Laws, App. §1-1. Article III, paragraph (*b*) of the Interstate Compact provides for the transfer of patients who are suffering mental illnesses and need hospitalization to states who are parties to the Agreement. However, paragraph (*c*) of Article III provides as follows:

> **No state shall be obliged to receive any patient pursuant to the provisions of paragraph (*b*) of this article unless** the sending state has given advance notice of its intention to send the patient; furnished all available medical and other pertinent records concerning the patient; given the qualified medical or other appropriate clinical authorities of the receiving state an opportunity to examine the patient if said authorities wish; **and unless the receiving state shall agree to accept the patient.**

(Emphasis added).

The Bureau of Prisons sent all relevant materials relating to Mr. Ecker's condition to Massachusetts with its request for transfer. As this Court well knows, Mr. Ecker is civilly committed because he is both mentally ill and criminally dangerous. After reviewing the relevant medical and other records concerning Mr. Ecker, the Department of Mental Health has determined that there is no suitable placement for Mr. Ecker within the Commonwealth of Massachusetts mental health system. (*See* Exhibit A). The Massachusetts Department of Mental Health is in the best position to judge both the nature and extent of Mr. Ecker's illness, as well as the department's ability to treat his mental illness, as well as to secure Mr. Ecker so as to protect the public. They have decided that they do not have a "suitable placement" for Mr. Ecker. This Court must respect that determination.

This is not the first time that Massachusetts has made this same determination. The Massachusetts Department of Mental Health has received requests for transfer and reviewed Mr.

Ecker's case on many occasions, including but not limited to the following: in February, 2000 (*See* Exhibit B); in January, 1999 (*See* Exhibit C); in October, 1998 (*See* Exhibit D); in September, 1998 (*See* Exhibit E); in April, 1998 (*See* Exhibit F); in February, 1998 (*See* Exhibit G); in November-December, 1997 (*See* Exhibit H); and in earlier years, as well. It is apparent from each of these denials that Massachusetts simply does not have the facilities needed to treat and to secure Mr. Ecker. Moreover, Mr. Ecker cannot, as a matter of law, be placed at Bridgewater State Hospital. *See* Mass. Gen. Laws ch. 123, §§ 7 and 8. Thus, there is no place within the mental health system in Massachusetts that can meet Mr. Ecker's needs and those of the public as well.

As the First Circuit has stated, § 4247(d) requires the Attorney General to "make all reasonable efforts to cause" Massachusetts to assume responsibility for Mr. Ecker's care. United States v. Ecker, 78 F.3d 726, 730-731 (1st Cir. 1996). The Attorney General cannot require the Commonwealth of Massachusetts to assume responsibility for the care, custody and treatment of Mr. Ecker. As set forth in the Government's prior Opposition, the relief requested by the instant motion, e.g., an Order requiring the Attorney General to transfer custody to the Commonwealth of Massachusetts would violate the Eleventh and Fourteenth Amendments to the United States Constitution as it would essentially order the Commonwealth of Massachusetts – who is not a party to this case – to accept custody of Ecker. Moreover, such an order would be contrary to the plain language of Article III, paragraph (*c*) of the Interstate Compact for Mental Health. Neither this Court nor the Attorney General can require the Commonwealth of Massachusetts to assume responsibility for the care, custody and treatment of Mr. Ecker. The Bureau of Prisons has made "all reasonable efforts" and therefore, has complied with all statutory requirements

with regard to Mr. Ecker and, as set forth in the Annual Report previously filed with this Court, it intends to continue to do so.

Wherefore, for all the foregoing reasons and those set forth in its original Opposition, the United States requests that the Court to deny Mr. Ecker's Motion For Transfer To The Custody of Massachusetts

                                          Respectfully Submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

By:   /s/ Mary Elizabeth Carmody

                                          MARY ELIZABETH CARMODY
                                          Assistant U.S. Attorney
                                          U. S. Attorney's Office
                                          John Joseph Moakley
                                          United States Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA  02210
                                          (617) 748–3290

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by ECF/mailing a copy of same in an envelope bearing sufficient postage for delivery to:

        Robert Braceras, Esq.
        Goodwin Proctor, LLP
        Exchange Place
        Boston, MA 02109

This 25th day of October 2006.

                                          /s/ Mary Elizabeth Carmody
                                          _____
                                          MARY ELIZABETH CARMODY
                                          Assistant United States Attorney