**1**

Case 1:89-cr-30028-NMG    Document 203-2    Filed 01/18/2007    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

Civ. File No. 3-93-298 (PAM/JGL)

v.

**MEMORANDUM AND ORDER**

John Leonard Ecker,

Defendant.

---

This matter is before the Court on Defendant's Motion for Discharge or for Finding of Competency to Stand Trial. For the following reasons, the Motion will be denied without prejudice, so that Defendant may reinstate the Motion in the District of Massachusetts.

On January 16, 2001, this Court denied Defendant's request for a change of venue and his motion for appointment of counsel. Since that Order, Scott F. Tilsen, Assistant Federal Defender for the District of Minnesota, has undertaken to represent Defendant. The current Motion seeks to secure a competency hearing for Defendant, and asks that such hearing be held in the District of Massachusetts. Defendant seeks a transfer to Massachusetts because Defendant is a long-time resident of the state, his mother and brother reside in the state, and Defendant is currently confined to the Federal Medical Center in Ayer, Massachusetts. The Motion states that the Federal Public Defender for the District of Massachusetts, Owen Walker, has agreed to represent Defendant in any such competency hearing.

FILED JUL 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

Defendant was indicted in the District of Massachusetts for possession of a firearm by a felon in 1989. This indictment is still pending. Shortly after the indictment was brought, the United States began to evaluate Defendant's competency to stand trial. These evaluations culminated in this Court finding Defendant incompetent to stand trial and a danger to the public, and ordering his confinement pursuant to 18 U.S.C. § 4246. Defendant has been involuntarily committed at federal medical institutions for more than twelve years.

In its previous Order, the Court determined that it could not transfer Defendant's case to the District of Massachusetts. The Court has reconsidered this Order in light of Defendant's present Motion, and now determines that such a transfer is not only appropriate, but is necessary to further the ends of justice in this case.

The commitment statutes, 18 U.S.C. § 4241 et seq., specify that a hearing to determine competency be held in the District in which Defendant was initially committed. In the normal course, the statutes provide for the orderly administration of competency determinations and reviews thereof. In this case, however, unique circumstances not considered by Congress mandate that this Court relinquish jurisdiction over any ongoing competency proceedings in favor of the District of Massachusetts. As noted above, Defendant grew up in Massachusetts. All of Defendant's family is located in Massachusetts, and his mother and his brother have expressed an interest in becoming Defendant's guardian and representing his interests at future competency hearings. It would serve no purpose to force Defendant's elderly mother to travel to Minnesota to represent her son at such

hearings. Defendant is now confined in Massachusetts, and will be confined there for the foreseeable future. These circumstances mandate that the Court transfer jurisdiction to the District of Massachusetts.

Because the Court determines that transfer is warranted, it will not rule on Defendant's Motion for Discharge or for Finding of Competency. The resolution of that Motion is left to the sound discretion of the United States District Court for the District of Massachusetts.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Discharge or for Finding of Competency to Stand Trial (Clerk Doc. No. 83) is **DENIED WITHOUT PREJUDICE**;

2. The Federal Public Defender for the District of Massachusetts is **APPOINTED** to represent Defendant in future proceedings in this matter; and

3. This case is **TRANSFERRED** to the United States District Court for the District of Massachusetts.

Dated: _July 20_, 2001

Paul A. Magnuson
United States District Court Judge

# Please forward this announcement to the recipient of this fax.



# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

| 700 Federal Building | 202 U.S. Courthouse | 417 U.S. Courthouse |
| --- | --- | --- |
| 316 North Robert Street | 300 South Fourth Street | 515 West First Street |
| St. Paul, MN 55101 | Minneapolis, MN 55415 | Duluth, MN 55802 |
| (651) 848-1100 | (612) 664-5000 | (218) 529-3500 |